UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANNADELE INC. | CIVIL DOCKET |
| VERSUS | NO. 18-9162 |
| IBERIABANK | SECTION: "E" (4) |

## ORDER

Before the Court is a Motion to Remand filed by Plaintiff Annadele Inc.[1] On October 3, 2018, Defendant Iberiabank removed this case to the Eastern District of Louisiana from the Twenty-Second Judicial District Court for the Parish of St. Tammany, State of Louisiana.[2] On October 16, 2018, Plaintiff filed its Motion to Remand.[3] Defendant Iberiabank opposes the motion.[4] For the reasons set forth below, Plaintiffs' Motion to Remand is **GRANTED**.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."[5] However, "federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'"[6] Pursuant to 28 U.S.C. § 1441, a defendant may remove an action from state court to federal court if the action is one over which the federal court possesses original jurisdiction.[7] The removing party bears the burden of proving federal subject-matter jurisdiction exists and thus removal is

---

[1] R. Doc. 9.
[2] R. Doc. 2.
[3] R. Doc. 9.
[4] R. Doc. 12.
[5] *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks and citation omitted).
[6] *Wilson v. Valley Elec. Membership Corp.*, 8 F.3d 311, 313 (5th Cir. 1993) (quoting *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976)).
[7] 28 U.S.C. § 1441; *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

1

proper.[8] In order to determine whether jurisdiction exists, the federal court considers the claims in the state court pleadings as they existed at the time of removal.[9] The court will look to the face of Plaintiff's "well pleaded complaint."[10] Any doubt as to whether removal jurisdiction is proper should be resolved in favor of remand because removal jurisdiction must be strictly construed.[11]

## LAW AND ANALYSIS

### I. Motion to Remand

Defendant removed this case on the basis of federal question jurisdiction.[12] District courts have federal question jurisdiction over "all civil actions *arising under* the Constitution, laws, or treaties of the United States.[13] Cases "arise under" federal law in one of two ways. Most commonly, federal question jurisdiction is invoked when a plaintiff pleads a cause of action created by federal law.[14] Alternatively, federal question jurisdiction will lie if "a well-pleaded complaint establishes . . . that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."[15]

Plaintiff's state law petition brings claims against Iberiabank for wrongful dishonor under Louisiana Revised Statute 10:4-402 and tortious conversion under Louisiana Civil Code article 2315 after Iberiabank would not allow Plaintiff to withdraw certain funds from its checking account.[16] Plaintiff alleges the checking account "was governed, *inter*

---

[8] *Manguno*, 276 F.3d at 723.
[9] *See id.*
[10] *Louisville & Nashville R.R. Co.*, 211 U.S. 149 (1908).
[11] *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988).
[12] R. Doc. 2 at 3.
[13] 28 U.S.C. § 1331 (emphasis added).
[14] *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).
[15] *Singh v. Duane Morris LLP*, 538 F.3d 334, 337–38 (2008) (internal quotation marks and citation omitted).
[16] R. Doc. 2-1 at 5.

*alia*, by contract, particularly the Defendant's Regulation CC Funds availability disclosure . . . ."[17] Plaintiff attached a copy of Defendant's Regulation CC Funds Availability Disclosure to the petition.[18]

Defendant argues Plaintiff's allegations arise under federal law because any allegation that Iberiabank violated its Regulation CC Funds Availability Disclosure is necessarily an allegation that Iberiabank violated Regulation CC.[19] Alternatively, Defendant argues Plaintiff's right to relief hinges on a resolution of a substantial question of federal law because Iberiabank's obligations to Plaintiff are governed by Regulation CC.[20] Plaintiff responds that the allegations in its petition do not present a claim created by federal law, raise a substantial issue of federal law, or provide any other statutory, constitutional, or jurisprudential basis for the exercise of federal court jurisdiction because the petition alleges a violation of Iberiabank's own policies, not a violation of Regulation CC.[21]

Regulation CC requires banks to disclose their policy regarding the availability of funds.[22] In compliance with this requirement, Iberiabank disclosed its funds availability policy through the "Regulation CC Funds Availability Disclosure."[23] Looking to the face of Plaintiff's complaint, Plaintiff references Regulation CC but does not allege a violation of Regulation CC.[24] Plaintiff does not allege a violation of federal law, nor does Plaintiff's right to relief depend on resolution of a substantial question of federal law. Defendant has

---

[17] *Id.* at ¶ VI.
[18] *Id.* at 7-9.
[19] R. Doc. 12 at 4.
[20] *Id.* at 5.
[21] R. Doc. 9-1.
[22] 12 C.F.R. § 229.16.
[23] R. Doc. 2-1 at 7-9.
[24] *Id.* at 5.

3

failed to meet its burden of proving federal question jurisdiction exists.[25] Any doubt as to whether removal jurisdiction is proper should be resolved in favor of remand.[26] Plaintiff's Motion to Remand is granted.

## II. Attorneys Fees and Costs

Plaintiff requests an award of attorneys fees and costs incurred as a result of the removal.[27] Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The U.S. Supreme Court has held that "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal."[28] "In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case."[29] This Court must "evaluate the objective merits of removal at the time of removal irrespective of the fact that it might ultimately be determined that removal was improper."[30] It is within this Court's discretion whether to award attorney's fees and costs.[31]

The Court, in its discretion, finds that an award of attorneys fees and costs to Plaintiff is not appropriate in this case. Although the Court has concluded that removal was improper, the Court finds it was objectively reasonable for Defendant to file its notice of removal after receiving Plaintiff's petition, referencing Regulation CC. Furthermore,

---

[25] *Manguno*, 276 F.3d at 723.
[26] *Acuna*, 200 F.3d at 339; *Willy*, 855 F.2d at 1164.
[27] R. Doc. 9 at 1.
[28] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).
[29] *Id.* at 141.
[30] *Mississippi Louisiana Dirt Co., L.L.C. v. B & S Equipment Co., Inc.*, 2010 WL 1729423, at *5 (E.D. La. Apr. 23, 2010) (Africk, J.) (citing 28 U.S.C. § 1447(c)).
[31] *See, e.g., Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000)("There is no automatic entitlement to an award of attorneys' fees. Indeed, the clear language of the statute makes such an award discretionary.").

4

Plaintiff provides no argument regarding why the "unusual circumstances" of this case justify an award of attorney's fees and costs. As a result, the Court declines to exercise its discretion to award attorney's fees and costs to Plaintiff.

Accordingly;

**IT IS ORDERED** that Plaintiff's Motion to Remand[32] be and hereby is **GRANTED** and that the above-captioned matter is **REMANDED** to the Twenty-Second Judicial District Court for the Parish of St. Tammany, State of Louisiana.

**IT IS FURTHER ORDERED** that Plaintiff's request for attorney's fees and costs be and hereby is **DENIED**.

**New Orleans, Louisiana, this 5th day of November, 2018.**

                                          **SUSIE MORGAN**
                              **UNITED STATES DISTRICT JUDGE**

---

[32] R. Doc. 9.